IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLRICH JEAN, | : | CIVIL ACTION |
| | : | NO. 22-433 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    May 23, 2022

## I.    INTRODUCTION

Plaintiff Allrich Jean, as administrator of the estate of his son, Armani Faison, brings this wrongful death and survival action against Defendants the City of Philadelphia (the "City"), Warden Michelle Farrell, Warden Nancy Gianetta, Prison Commissioner Blanche Carney, and three John Doe corrections officers (collectively "Defendants").

The City moved to dismiss Plaintiff's claim for negligence as stated in Count III of the Complaint. After holding oral argument, the Court granted the motion and dismissed Count III with prejudice. This memorandum provides the Court's reasoning for granting the motion.

## II.   BACKGROUND[1]

On or about March 24, 2021, Armani Faison was arrested for shoplifting. He was sent to Curran-Fromhold Correctional Facility ("CFCF") after being unable to post bail. Upon his admission, Faison underwent a mental health evaluation. The social worker who performed the evaluation found that Faison was engaging in "[b]izarre [b]ehaviors, which may aggravate others putting his safety in danger." Compl. at ¶ 26, ECF No. 1. Despite concerns about Faison's mental health, CFCF staff placed him in a cell with an inmate named Kevin Massey.

The Complaint alleges that just hours before Faison was placed into a cell with Massey, Massey had sexually assaulted his prior cellmate. In response to the reported sexual assault, Defendants simply moved Massey's prior cellmate out of the cell and replaced him with Faison.

At approximately midnight on March 27, 2021, the lights to the cellblock were shut off. After the lights were shut off, witnesses reported hearing screaming from the cell housing Faison and Massey. The Complaint alleges Faison was raped and murdered by Massey in an assault lasting several hours. Throughout the duration of the assault, Faison repeatedly screamed for help, called for the guard, and banged on his cell

---

[1]     The facts alleged in the Complaint and asserted herein are accepted as true and viewed in the light most favorable to Plaintiff.

door. Other inmates also reported banging on their cell doors and yelling for the guards. When a corrections officer finally arrived to check the cell block at approximately 7:38 a.m. the next morning, he found Faison unresponsive in the cell.

Plaintiff alleges that a corrections officer (referred to in the Complaint as "C.O. John Doe #1") had been assigned to monitor the cell block that night but was reassigned to a different area by a different officer ("C.O. John Doe #2"). As a result, the cell block was left completely unattended during the time the assault occurred.

The Complaint alleges that the Philadelphia Department of Prisons, which controls CFCF, has displayed a consistent and systemic failure to maintain proper staffing practices, which has resulted in an increase of inmate deaths directly related to a lack of supervision. The Complaint sets forth a number of facts to support that allegation, including a quote from the City Controller, the conclusions of a report containing self-reported data, and a variety of statistics and observations from city officials. The Complaint also cites two similar lawsuits related to inadequate prison conditions, numerous reports that indicate that staffing was inadequate, statements from inmates, and seven prior incidents of inmates suffering death or serious injury due to unsafe prison conditions.

On February 3, 2022, Plaintiff filed the instant Complaint. Under the umbrella of the Pennsylvania statutes governing wrongful death and survival actions, 42 Pa. C.S.A. §§ 8301 and 8302, the Complaint brings three counts: (I) a Fourteenth Amendment substantive due process claim against all Defendants; (II) a Fourteenth Amendment municipal liability claim against the City; and (III) a negligence claim against the City.

The City subsequently moved to dismiss Plaintiff's negligence claim against it. For the reasons set forth below, the Court granted the motion.

### III. LEGAL STANDARD

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., 492 F.3d 209, 215 (3d Cir. 2007) (quoting Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989)).

To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This "requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although a plaintiff is entitled to all reasonable inferences from the facts alleged, a plaintiff's legal conclusions are not entitled to deference, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In deciding a Rule 12(b)(6) motion, the Court limits its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**IV.  DISCUSSION**

The City argues that it is immune from Plaintiff's negligence claim because the claim does not fall within any of the exceptions to its governmental immunity as enumerated in the Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, et seq. (the "PSTCA").

The PSTCA governs the extent to which political subdivisions, like the City, may be held liable in tort. Section 8542(b) lists nine categories of "negligent acts" which, if committed by a local agency or agency employee, may subject the local agency to liability. 42 Pa. C.S. § 8542(a)-(b). The ninth category, which is relevant to the present motion, encompasses sexual abuse and imposes liability for "conduct which constitutes an offense enumerated under section 5551(7) (relating to no limitation applicable) if the injuries to the plaintiff were caused by actions or omissions of the local agency which constitute negligence." Id. at § 8542(b)(9).

Section 5551(7), explicitly referenced in the sexual abuse exception, provides as follows:

> An offense under any of the following provisions of 18 Pa.C.S. (relating to crimes and offenses), or a conspiracy or solicitation to commit an offense under any of the following provisions of 18 Pa.C.S. if the offense results from the conspiracy or solicitation, if the victim was under 18 years of age at the time of the offense:

Section 3011(b) (relating to trafficking in individuals).

Section 3012 (relating to involuntary servitude) as it relates to sexual servitude.

Section 3121 (relating to rape).

Section 3122.1 (relating to statutory sexual assault).

Section 3123 (relating to involuntary deviate sexual intercourse).

Section 3124.1 (relating to sexual assault).

Section 3124.2 (relating to institutional sexual assault).

Section 3125 (relating to aggravated indecent assault).

Section 4302 (relating to incest).

42 Pa. C.S. § 5551(7) (emphasis added).

Because the sexual abuse exception explicitly applies in the case of conduct constituting "an offense enumerated under section 5551(7)," 42 Pa. C.S. § 8542(b)(9), and section 5551(7) is limited to offenses in which "the victim was under eighteen years of age at the time of the offense," id. at § 5551(7), the City maintains the sexual abuse exception likewise only applies when the victim of the abuse was a minor. And because Armani Faison was not a minor[2] at the time of the sexual abuse at issue

---

[2]    Though the Complaint does not specify Faison's age at the time of his death, publicly available records show that he was thirty-five years old. See Dean, Mensah M., Philadelphia prison inmate being questioned in his cellmate's sexual assault and death, source says, The Philadelphia Inquirer, (Mar 29, 2021), available at https://www.inquirer.com/news/inmate-death-prison-philadelphia-armani-faison-shawn-hawes--20210329.html (last viewed Mar. 23, 2022).

here, the City argues that Plaintiff's negligence claim is barred.

Plaintiff makes two arguments in opposition. First, he argues that the plain language of the PSTCA's sexual abuse exception does not limit the exception to victims under eighteen. And second, he argues that the City's interpretation of the exception violates the equal protection clause of the Fourteenth Amendment. As explained more fully below, neither argument is supported by the relevant law.

### A.   Plain Language of the Statute

Plaintiff first argues that because the sexual abuse exception refers to conduct constituting "an offense enumerated under section 5551(7)," id. at § 8542(b)(9), it should be interpreted to apply only to the list of offenses contained within section 5551(7) and not the preceding qualifier that for the offense to fall under the section, the victim of those offenses must be under 18 years of age.

Plaintiff's proposed interpretation of the sexual abuse exception is not a plain reading of the statute. The age qualifier that Plaintiff attempts to omit from section 5551(7) is essential to what constitutes an "offense" under that section. The commission of a sexual assault in violation of section 3124.1, for example, only constitutes an "an offense enumerated under section 5551(7)" if the victim is under 18

years of age at the time of the offense. Id. The Court
accordingly finds that under the plain language of the statute,
the sexual assault exception to governmental immunity, as stated
in section 8542(b)(9) of the PSTCA, only applies when the victim
was under eighteen years of age at the time of the alleged
sexual assault.

**B.   Equal Protection**

Plaintiff next argues that limiting the sexual abuse
exception to the City's immunity under the PSTCA to offenses
involving minor victims would violate the Fourteenth Amendment's
equal protection clause. "The Equal Protection Clause of the
Fourteenth Amendment commands that no State shall 'deny to any
person within its jurisdiction the equal protection of the
laws,' which is essentially a direction that all persons
similarly situated should be treated alike." City of Cleburne v.
Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (quoting Plyler
v. Doe, 457 U.S. 202, 216 (1982)).

When a challenged statute's classification burdens a
fundamental right or "is drawn upon inherently suspect
distinctions such as race, religion, or alienage," courts are
instructed to conduct a strict scrutiny review. Connelly v.
Steel Valley Sch. Dist., 706 F.3d 209, 213 (3d Cir. 2013)
(quoting Schumacher v. Nix, 965 F.2d 1262, 1266 (3d Cir. 1992)).
Classifications that neither employ a suspect classification nor

9

impinge upon a fundamental right "are 'entitled to a presumption
of validity against attach under the Equal Protection Clause'"
and need only withstand rational basis review. Id. (quoting
Schumacher, 965 F.2d at 1269). The Supreme Court has instructed
that classifications based on age are permissible if they pass
rational basis review. See Kimel v. Florida Bd. of Regents, 528
U.S. 62, 83 (2000) ("States may discriminate on the basis of age
without offending the Fourteenth Amendment if the age
classification in question is rationally related to a legitimate
state interest.").

The parties disagree as the standard of review that should
be applied to the PSTCA's sexual abuse exception. The City
argues that the exception represents an age classification that
limits the exception to those under eighteen, so it need only
pass rational basis review. Plaintiff argues that the Court
should conduct a strict scrutiny review of the exception because
it burdens the "fundamental right of access to courts." Pl's
Resp. at 7, ECF No. 13.[3] The Court agrees with the City that
rational basis review is the correct standard.

---

[3]     Plaintiff also argues that the Court should interpret the sexual abuse
exception to allow claims of victims of any age based on the rule of
statutory construction that courts should construe statutes to avoid
interpretations that would raise "serious constitutional problems." Edward J.
DeBartolo Corp. v. Florida Gulf Coast Bldg. & Const. Trades Council, 485 U.S.
568, 575 (1988). But this precept may not be applied when the avoidant
construction "is plainly contrary to the intent of Congress." Id. And in
enacting the sexual abuse exception, the Pennsylvania legislature made clear
that its intended purpose is to "waive sovereign immunity for public entities
guilty of covering up childhood sexual abuse." PA. H.R. LEGIS. J., 203rd

While the right of access to courts is a "fundamental right within the protection of the First Amendment," Bounds v. Smith, 430 U.S. 817, 828 (1977) abrogated on other grounds by Lewis v. Casey, 518 U.S. 343 (1996), the cases cited in Plaintiff's brief are inapposite to the present matter. See Bounds, 430 U.S. at 828 (holding that the right of access to courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers); Bieregu v. Reno, 59 F.3d 1445, 1453-54 (3d Cir. 1995) overruled on other grounds by Lewis v. Casey, 518 U.S. 343 (1996) (holding that a prison's pattern of opening a prisoner's properly marked incoming court mail outside his presence impinged upon his fundamental rights to free speech and court access). Plaintiff cites no case—and the Court is aware of none—in which a state legislature's grant of immunity from tort claims to municipalities, and subsequent waiver of that immunity for certain types of claims, was subject to strict scrutiny review.

Furthermore, if Plaintiffs' argument were correct, any grant (and subsequent conditional waiver) of governmental immunity by a state legislature would be subject to strict

Assy., Reg. Sess., at 510 (Apr. 10, 2019) (emphasis added). Plaintiff's suggested interpretation runs clearly contrary to legislative intent. Therefore, even if Plaintiff were correct that limiting the exception to minor victims raises "serious constitutional problems," the Court need not consider whether Plaintiff's alternative reading is favored by the doctrine of constitutional avoidance.

scrutiny review as it would necessarily limit available tort claims to one classification of potential plaintiffs over another. But the Supreme Court has recognized that the state legislature has "broad powers to control governmental tort liability limited only by the rule it not act arbitrarily." Martinez v. State of California, 444 U.S. 277, 283 n.6 (1980). The enactment of the PSTCA, and specifically the sexual abuse exception to governmental immunity, was an exercise of the Pennsylvania Legislature's broad authority and cannot be characterized as a burden on any fundamental right of access to courts. The age classification in the sexual abuse exception is therefore subject only to rational basis review.

The Court finds that the sexual abuse exception as stated in the PSTCA passes rational basis review because it is "rationally related" to the "legitimate state interest" of holding municipal actors accountable when they negligently allow sexual abuse of children to occur. Kimel, 528 U.S. at 83. Plaintiff's equal protection argument accordingly fails.

V.   **CONCLUSION**

For the foregoing reasons, Plaintiff's negligence claim against the City is barred by the City's immunity under the PSTCA.