# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLRICH JEAN, (as Administrator for The ESTATE OF ARMANI FAISON).,** <br><br> **Plaintiff,** <br><br> v. <br><br> **CITY OF PHILADELPHIA, et al.** <br><br> **Defendants.** | **CIVIL ACTION** <br><br> No. 22-cv-433 |

## ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of Defendants City of Philadelphia, Prison Commissioner Blanche Carney, Warden Nancy Gianetta, and Warden Michele Farrell's Partial Motion to Dismiss Plaintiff's First Amended Complaint, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED**. Plaintiff's claims against Defendants City of Philadelphia, Prison Commissioner Blanche Carney, Warden Nancy Gianetta, and Warden Michele Farrell are **DISMISSED**, with prejudice.

BY THE COURT:

_____
EDUARDO C. ROBRENO, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLRICH JEAN, (as Administrator for The ESTATE OF ARMANI FAISON).,** : : : : **Plaintiff,** : v. : : **CITY OF PHILADELPHIA, et al.** : : **Defendants.** : : | **CIVIL ACTION** **No. 22-cv-433** |

# DEFENDANTS CITY OF PHILADELPHIA, PRISON COMMISSIONER BLANCHE CARNEY, WARDEN NANCY GIANETTA, AND WARDEN MICHELE FARRELL'S PARTIAL MOTION TO DISMISS FOR <u>FAILURE TO STATE A CLAIM</u>

Defendants City of Philadelphia, Prison Commissioner Blanche Carney, Warden Nancy Gianetta, and Warden Michele Farrell hereby file this Partial Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendant incorporates the attached Memorandum of Law.

Defendants respectfully request that this Court dismiss the claims asserted against them, with prejudice.

Respectfully submitted,

Date: December 16, 2022

*/s/ Derek R. Kane*
Derek Kane
Deputy City Solicitor
City of Philadelphia Department of Law
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
((215) 683-5374 (office)
derek.kane@phila.gov

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLRICH JEAN, (as Administrator for The ESTATE OF ARMANI FAISON).,** <br><br> **Plaintiff,** <br> v. <br><br> **CITY OF PHILADELPHIA, et al.** <br><br> **Defendants.** | **CIVIL ACTION** <br><br> No. 22-cv-433 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CITY OF PHILADELPHIA, PRISON COMMISSIONER BLANCHE CARNEY, WARDEN NANCY GIANETTA, AND WARDEN MICHELE FARRELL'S PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

This case arises from a fatal inmate-on-inmate assault. Plaintiff's decedent, Armani Faison ("Faison"), was incarcerated in late March 2021 at the Curran-Fromhold Correctional Facility ("CFCF"). Am. Compl., ECF NO. 25-1, at ¶ 1. On March 27, 2021, Faison was allegedly raped and murdered by inmate Kevin Massey. *Id.*

Defendants City of Philadelphia ("the City"), Prison Commissioner Blanche Carney ("Commissioner Carney"), Warden Nancy Gianetta ("Warden Gianetta"), and Warden Michele Farrell's ("Warden Farrell") now move to dismiss each of the claims against them. Plaintiff fails to allege sufficient facts to state a claim that the City, Commissioner Carney, Warden Gianetta, or Warden Farrell can be held liable for the alleged constitutional violation.

I.  **ALLEGATIONS IN THE COMPLAINT**

The fatal assault occurred on March 27, 2021, while Plaintiff's Decedent, Armani Faison, was incarcerated at CFCF. Faison was placed into a cell with Kevin Massey ("Massey") after being arrested on March 24, 2021. Am. Compl., ECF NO. 25-1, at ¶ 26. The Complaint alleges

Massey sexually assaulted another inmate on March 24, 2021 and this assault was reported to Lt. Murray, Sgt. Dekeyser, and Sgt. Barbour. *Id.* at ¶¶ 18,19. According to the Complaint, Defendant Carlos Barbour did not place Massey into segregation, but placed him with Faison, in violation of Prison Policy. *Id.* at ¶ 21.

Plaintiff alleges on the night of the fatal assault, only one officer, Defendant Steven Carter, was assigned to the unit. *Id.* at ¶ 34. According to the Complaint, the City's post assignment and its contract with the corrections officer's union required two guards to be staffed at all times at each unit. *Id.* at ¶ 32. Plaintiff further alleges that Defendant Carter failed to conduct any tours of the unit and eventually left the unit unsupervised with the permission of Defendant Barbour. *Id.* at ¶ 35. According to the Complaint, Defendant Barbour was aware the cell block was now unguarded but "declined to assign another officer to guard the block in violation of Prison policy." *Id.* at ¶ 36. Plaintiff alleges that cell block was unattended and unmonitored for the duration of the assault on Faison. *Id.* at ¶ 38. According to the Complaint, "[b]oth Defendant Barbour and Defendant Carter were disciplined by the City for failing to ensure the cell block was guarded." *Id.* at ¶ 39.

The Complaint also alleges that "[f]or years, the Philadelphia Department of Prisons has displayed a consistent and systemic failure to maintain proper staffing practices, resulting in a significant understaffing leading to an increase in inmate deaths directly related to the lack of supervision." *Id.* at ¶ 49. Plaintiff further alleges that Defendants Commissioner Carney, Warden Gianetta, and Warden Farrell "have long been aware of the dangers created by their failure to maintain proper staffing." *Id.* at ¶ 50. The Complaint alleges that Commissioner Carney was "the final policymaker on correctional officer staffing levels within the Philadelphia Department of Prisons." *Id.* at 11. The Complaint does not allege Warden Gianetta was responsible for staffing,

but that she "was responsible for ensuring inmate placement and safety." *Id.* at 10. Finally, the Complaint does not allege Warden Farrell was the final policymaker for staffing or hiring at CFCF or Philadelphia Prisons, but that she was "responsible for the assignments, staffing, and operations of CFCF." *Id.* at 9.

In this survival and wrongful death action,[1] Plaintiff asserts two claims: a claim against all individual Defendants under 42 U.S.C. § 1983, for failure to protect, in violation of the Fourteenth Amendment (Count I); and a § 1983 municipal liability claim against the City (Count II).

For the reasons that follow, Defendants move to dismiss Plaintiff's claims against them in their entirety.

## II.     ARGUMENT

### A.     Plaintiff's Amended Complaint Fails to State a Claim Against Commissioner Carney, Warden Gianetta, and Warden Farrell, or the City, Based on a Practice or Custom of Understaffing.

The Amended Complaint does not allege that Commissioner Carney, Warden Gianetta, or Warden Farrell were personally involved in, or aware of, the specific risk that Faison would be attacked by his cellmate. Instead, Plaintiff pursues the theory that a policy, practice, or custom was the moving force behind the injury suffered because Commissioner Carney, Warden Gianetta, and Warden Farrell were "aware of the dangers created by their failure to maintain proper staffing." Am. Compl., ECF NO. 25-1, at ¶ 50. This theory fails because Plaintiff has not

---

[1] While "wrongful death action" and "survival action" are asserted as "causes of action" in the Complaint, "[t]hese are not independent, substantive causes of action, but rather are separate and distinct mechanisms by which a plaintiff may assert underlying claims." *Mohney v. Pennsylvania*, 809 F. Supp. 2d 384, 389 n.6 (W.D. Pa. 2011). Accordingly, where each of the claims underlying such an action is dismissed, so is the action itself.

plausibly alleged that such violation was the result of a specific policy or custom on the part of the City, Commissioner Carney, Warden Gianetta, or Warden Farrell

A municipality, such as the City, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("*Monell*"). Rather, "it is when execution of a government's policy . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.*; *see also Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) ("Section 1983 does not permit a municipality to be held vicariously liable for the acts of its employees"). To survive the pleading stage in a § 1983 claim against the City, a plaintiff must allege that (1) a constitutionally-protected right has been violated and (2) the alleged violation resulted from a municipal policy or custom that exhibits deliberate indifference to rights of citizens. *Monell*, 436 U.S. at 694–95.

Similarly, a municipal official sued in individual capacity, such as Commissioner Carney, Warden Gianetta, and Warden Farrell, cannot be held vicariously liable for the constitutional violations of the employees that the official supervises. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Accordingly, to the extent that Count I of Plaintiff's Complaint seeks to hold Commissioner Carney, Warden Gianetta, and Warden Farrell vicariously liable for the constitutional violations of other officials, the claim fails on its face. To the extent that Plaintiff seeks to hold them liable as policymakers for the City, the claim fails for the same reasons as the municipal liability claim (Count II) against the City under *Monell*.

The Amended Complaint fails to allege facts to support a plausible inference that the violation was the result of a specific policy or custom on the part of Commissioner Carney, Warden Gianetta, Warden Farrell, or the City. Plaintiff alleges that "[f]or years, the Philadelphia Department of Prisons has displayed a consistent and systematic failure to maintain proper staffing practices," and that such understaffing caused or allowed the attack at issue. Am. Compl., ECF NO. 25-1, at ¶¶ 49, 2. But, at most, these allegations of understaffing support a claim of *negligence* in failing to maintain appropriate staffing levels, not a specific policy or custom that would demonstrate *deliberate indifference* to a serious risk of harm of the type that would support a *Monell* claim under § 1983. *See, e.g.*, *Hunter v. Shouppe*, No. CIV.A. 07-74, 2007 WL 712207, at *3 (W.D. Pa. Jan. 25, 2007), *R&R adopted* 2007 WL 735487 (W.D. Pa. Mar. 7, 2007) (holding that plaintiff failed to state a claim where he did not "make any allegation that the warden was aware, or should have been aware, of any special need to provide Plaintiff with segregated housing," and explaining that plaintiff's complaint "[a]t most . . . may demonstrate an unintentional failure to anticipate violence," which "sounds, if anything, in negligence, which is not actionable under 42 U.S.C. § 1983.").

In adjudicating *Monell* claims, "courts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland*, 706 F.3d at 237 (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted). A complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314,

at *5 (E.D. Pa. June 30, 2008) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). And to bring a § 1983 municipal liability claim under *Monell*, Plaintiff must present evidence that a "policy or custom of [the City of Philadelphia] was the 'moving force' behind a violation of his [constitutional] rights." *Clark v. Regional Medical First Correctional*, 360 F. App'x 268, 269 (3d Cir. 2010).

For example, in *Torres v. City of Allentown*, cited above, the court found dismissal appropriate where the plaintiff's complaint alleged that Allentown "did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct, and that this policy/custom exhibited deliberate indifference to her constitutional rights." *Torres*, 2008 WL 2600314 at *5. The court viewed the complaint as insufficient because it "lack[ed] any specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom" and that it "fail[ed] to specifically demonstrate how the training programs for the police officers [were] inadequate." *Id.*

Here, the Complaint repeatedly alleges that all the facilities of the Philadelphia Department of Prisons ("PDP") have been understaffed "[f]or years." Am. Compl., ECF NO. 25-1, at ¶ 49. But the Amended Complaint fails to allege a specific policy or custom on the part of the City—or on the part of Commissioner Carney, Warden Gianetta, or Warden Farrell (as decisionmakers for the City[2])—from which a plausible inference can be drawn that the City *deliberately* understaffed CFCF or any PDP facility. Plaintiff does not allege, for example, that the City, when faced with such options, failed to take any specific action that would have increased staffing at PDP facilities, or took actions that would inevitably result in inadequate

---

[2] For the sake of argument, it is assumed here that Warden Gianetta and Warden Farrell are decision makers for the City regarding hiring. However, that is not plead in the Amended Complaint.

staffing. On the contrary, and as is suggested in many of the allegations in the Complaint, the City's good-faith efforts to staff PDP facilities have been frustrated by issues such as correctional staff attendance and COVID-19. *See, e.g.*, *Id.* ¶¶ 51, 57. Plaintiff's allegations fail to adequately plead a policy or custom of *deliberate indifference* that would support a claim under 42 U.S.C. § 1983. *See Goodman*, 718 F.3d at 1330; *see also Diaz v. City of Phila.*, No. CV 22-3286, 2022 WL 16553385, at *5 (E.D. Pa. Oct. 31, 2022) (Robreno, J.) (dismissing substantially similar claim, and explaining that plaintiff failed to plead "facts that indicate that there was a particular course of conduct in which, for instance, the hiring body for the Philadelphia Department of Prisons chose to hire fewer prison guards than were required").

### III. CONCLUSION

For the reasons above, and based upon the authorities cited therein, Plaintiff's claims against Defendants City of Philadelphia, Prison Commissioner Blanche Carney, Warden Nancy Gianetta, and Warden Michele Farrell should be dismissed for failure to state a claim.

Respectfully submitted,

Date: December 16, 2022    */s/ Derek R. Kane*
Derek Kane
Deputy City Solicitor
City of Philadelphia Department of Law
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
((215) 683-5374 (office)
derek.kane@phila.gov

*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLRICH JEAN, (as Administrator for The ESTATE OF ARMANI FAISON)., | |
| Plaintiff, | CIVIL ACTION |
| v. | No. 22-cv-433 |
| CITY OF PHILADELPHIA, et al. | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below Defendant City of Philadelphia, Prison Commissioner Blanche Carney, Warden Nancy Gianetta, and Warden Michele Farrell's Partial Motion to Dismiss Plaintiff's First Amended Complaint, Memorandum of Law in Support, Proposed Form of Order, and this Certificate of Service were filed via the Court's electronic filing system and are available for downloading.

Date:  December 16, 2022                   Respectfully submitted,


                                           */s/ Derek R. Kane*
                                           Derek Kane
                                           Deputy City Solicitor
                                           City of Philadelphia Department of Law
                                           1515 Arch Street, 14th Floor
                                           Philadelphia, PA 19102-1595
                                           ((215) 683-5374 (office)
                                           derek.kane@phila.gov

                                           *Attorney for-Defendants*