IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLRICH JEAN, (as Administrator for The ESTATE OF ARMANI FAISON).,** : <br> : <br> **Plaintiff,** : <br> v. : <br> : <br> **CITY OF PHILADELPHIA, et al.** : <br> : <br> **Defendants.** : | **CIVIL ACTION** <br><br> **No. 22-cv-433** |

**DEFENDANTS CITY OF PHILADELPHIA, PRISON COMMISSIONER BLANCHE CARNEY, WARDEN NANCY GIANETTA, AND WARDEN MICHELE FARRELL'S REPLY IN FURTHER SUPPORT OF THEIR PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants City of Philadelphia, Prison Commissioner Blanche Carney, Warden Nancy Gianetta, and Warden Michele Farrell (hereafter "Defendants") submit this reply to Plaintiff's Opposition to their Partial Motion to Dismiss (ECF No. 32, cited hereafter as "Opp'n"), in order to address certain points and authorities raised therein.

**ARGUMENT**

As Defendants noted in their opening Memorandum, this Court recently dismissed supervisory and municipal liability claims premised on substantially the same allegations of understaffing as those pled in Plaintiff's complaint in this case. *See* Defs.' Mem, ECF No. 29, at 9 (citing *Diaz v. City of Phila.*, No. CV 22-3286, 2022 WL 16553385, at *5 (E.D. Pa. Oct. 31, 2022) (Robreno, J.)). As this Court explained in *Diaz*, the understaffing theory of liability in that case was deficiently pled for reasons equally applicable here:

> Plaintiffs have not alleged that the failure to hire was a <u>course of conduct</u>. Plaintiffs have alleged that the City has taken some measures that might make the occupation less desirable. *But Plaintiffs have alleged no facts that indicate that there was a particular course of conduct in which, for instance, the hiring body*

1

> *for the Philadelphia Department of Prisons chose to hire fewer prison guards than were required.*

2022 WL 16553385, at *5 (underlining in original, italics added).

In his Opposition, Plaintiff contends that this conclusion "both misses the mark on the custom at issue in this matter, and is unsupported by precedent and, is in fact, contradicted by the existing precedent of this Circuit and others." Opp'n 9–10. But it is Plaintiff that misses the mark on both points.

First, the Court's opinion in *Diaz* correctly perceived the broadly-framed custom that was alleged in both that case and this one: the alleged failure to staff the facilities of the Philadelphia Department of Prisons ("PDP") with a sufficient number of corrections officers—allegedly owing to some combination of failing to hire such officers, failing to retain those officers, or absenteeism on the part of those officers. In concluding that such a custom was not adequately pled, this Court's opinion in *Diaz* merely recognizes, consistent with controlling case law on municipal liability, that in order to establish a municipal *custom*—as opposed to an official *policy*, which certainly requires a deliberate and conscious decision in the form of "an official policy, proclamation, or edict by a decisionmaker possessing final authority"—a plaintiff must demonstrate that the municipality engaged in a "course of conduct so well-settled and permanent as to virtually constitute law." *Diaz*, 2022 WL 16553385, at *5 (quoting *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019).

In other words, in the absence of an official policy to staff PDP facilities at a certain (and constitutionally impermissible) level, the plaintiff must demonstrate that the City was engaged in a "*well-settled*" and "*permanent*" course of conduct to reach the same result. And, like the plaintiffs in *Diaz*, Plaintiff here has not done so. Instead of a permanent and well-settled course of conduct evincing *deliberate indifference* on the part of the City, Plaintiff merely alleges

2

staffing vacancies and absenteeism on the part of corrections officers. *See, e.g.*, Am. Compl., ECF No. 25-1, ¶ 57 (alleging that "64% of staff called out on Mother's Day weekend" in 2021). As this Court has explained, that "overlook[s] that the City has no control over the personal decisions of individual employees whether to show up for shifts, not show up for shifts, or quit their jobs as prison guards." *Diaz*, 2022 WL 16553385, at *5.

Second, this Court's decision in *Diaz* is consistent with Third Circuit precedent on municipal liability, as well as the cases Plaintiff cites in his Opposition.[1] *See* Opp'n 10–11 (citing cases for the proposition that the law does not "require a plaintiff to plead that there was a course of conduct chosen by the hiring body to hire insufficient guards"). Two of these cases did not involve municipal liability claims and thus the court did not assess whether these claims satisfied the existence of a policy or custom. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (action for injunctive relief against state officials); *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991) (same). As to the remaining three decisions that do involve municipal liability claims, while these decisions do not address the cause of the alleged understaffing, that is likely because it was presumed—reasonably in each of the cases—that the cause was *not* factors beyond the municipality's control, but rather was an official policy setting the particular staffing level being challenged, or a well-established and permanent course of conduct of maintaining staffing at that level.

For example, in one of the cases Plaintiff cites, *Scott v. Moore*, 114 F.3d 51, 52 (5th Cir. 1997), the plaintiff alleged that she had been sexually assaulted by a male corrections officer at a

---

[1] While Defendants maintain that these cases are consistent with this Court's decision in *Diaz*, it bears noting, in any event, that—with the exception of the Third Circuit's decision in *A.M. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572 (3d Cir. 2004)—the cases are not binding on this Court.

3

city jail, and that the city-defendant was subject to municipal liability because it failed to adequately staff the jail by not having "at a minimum, a female jail official, or at least two male jail officials, on duty whenever a female pretrial detainee is in custody." *Id.* The Court affirmed summary judgment on that claim, because there had been "no showing that the city had actual knowledge that its staffing policy created a substantial risk of harm to female detainees." *Id.* at 54. Thus, it appears to have been presumed that the city-defendant had a policy or custom of not requiring this specific staffing level (i.e. a female guard or two male guards on duty at all times a female detainee was in the jail), but the claim failed nevertheless because that policy or custom did not violate the Constitution.

Similarly, *A.M. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 581 (3d Cir. 2004), involved a claim that the plaintiff-juvenile-detainee had been repeatedly assaulted by other juvenile detainees at a detention center, and that the municipality that operated the center was liable for, among other reasons, failing to "ensure that there were enough child-care workers on duty to appropriately supervise youth at all times." *Id.* The Court held that the district court's grant of summary judgment for the defendant was on this claim was error, because, while an administrator testified that the "[c]enter complied with staffing ratios, other evidence suggest[ed] that the number of child-care workers supervising the residents was inadequate." *Id.* As with the city jail in *Scott*, it appears to have been presumed that the center's staffing levels were set as a result of an official policy or well-established and permanent course of conduct—not the result of factors beyond the center's control such as staff absenteeism.

Finally, in *Bond v. Nueces County, Texas*, No. 20-40050, 2022 WL 4595000, at *9 (5th Cir. Sept. 30, 2022), the Court considered the claim of a detainee who died of an overdose at a county jail and who alleged that the county was liable, among other reasons, for "failing to

4

provide adequate man power to supervise and/or observe" detainees. *Id.* at *3. The Court concluded that the plaintiff had sufficiently pled a municipal liability claim where the complaint contained "a wealth of factual allegations regarding acts attributable to [the county] . . . , including . . . that persistent inadequate staffing had led to insufficient monitoring of inmates and their medical needs, and a host of other alleged widespread patterns or practices," along with allegations that the county "had failed to act to correct these patterns or customs despite the [c]ounty's being aware that they had caused injury or death on at least twenty-three specific past occasions." *Id.* Again, however, there is no suggestion—as there is in the complaint in this case—that the alleged "persistent inadequate staffing" was the result of factors beyond the municipality's control, such as absenteeism, rather than the result of a municipal policy or well-established and permanent course of conduct.

In sum, as this Court explained in *Diaz*, in order to prevail on a municipal liability claim premised on an alleged policy or custom of understaffing, Plaintiff must establish that the understaffing was either the result of a municipal policy—an official policy, proclamation, or edict—or the result of a course of conduct so *well-established* and *permanent* as to virtually constitute law. *Diaz*, 2022 WL 16553385, at *5 (citing *Forrest*, 930 F.3d at 105). Plaintiff has not done so here, where he alleges no policy of understaffing, and has not alleged that the understaffing was the result of a "particular course of conduct in which, for instance, the hiring body for the [PDP] chose to hire fewer prison guards than were required." *Id.*

## **CONCLUSION**

For the foregoing reasons, and those asserted in Defendants' Partial Motion to Dismiss and opening Memorandum in Support of the same, Defendants City of Philadelphia, Prison Commissioner Blanche Carney, Warden Nancy Gianetta, and Warden Michele Farrell

respectfully request that the Court grant their Partial Motion to Dismiss and dismiss Plaintiff's claims against them for failure to state a claim.

Date:  January 19, 2023                             Respectfully submitted,

/s/ Adam R. Zurbriggen
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLRICH JEAN, (as Administrator for The ESTATE OF ARMANI FAISON).,** : : : : **Plaintiff,** : v. : : **CITY OF PHILADELPHIA, et al.** : : **Defendants.** : : | CIVIL ACTION  No. 22-cv-433 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Reply in Further Support of Defendants' Partial Motion to Dismiss was filed via the Court's electronic filing system and is available for viewing and downloading.

Date: January 19, 2023

/s/ *Adam R. Zurbriggen*
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov