## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ALLRICH JEAN, as Administrator for the Estate of ARMANI FAISON | : : : : | |
| Plaintiff, | : : : | |
| v. | : : | Case No. 2:22-cv-00433 |
| CITY OF PHILADELPHIA, *et al.*, | : : : : | |
| Defendants. | : : : | |

## PLAINTIFF'S SUPPLEMENTAL BRIEFING IN OPPOSITION TO THE MOTION TO DISMISS

John J. Coyle, Esq.
Mark V. Maguire, Esq.
MCELDREW PURTELL
123 S. Broad St. Suite 2250
Philadelphia, PA 19109

Allen Rogers, Esq.
THE ROGERS LAW FIRM, PLLC
111 Person St.
Fayetteville, NC 28301

Date: February 21, 2023

---

## TABLE OF AUTHORITIES

**Cases**

*Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 705 (11th Cir. 1985) ..................................................... 6

*Anela v. Wildwood*, 790 F.2d 1063 at n. 3 (3d Cir. 1986) ................................................................................ 4

*Bd. of Cty. Comm'rs of Bryan Cty v. Brown*, 520 U.S. 397 (1997) ................................................................. 3

*Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 417-418 (2003) ............................................................... 4

*Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) .......................................................................................... 5

*Bond v. Nueces Cnty.*, 2022 U.S.App.LEXIS 27460, at \*27, 2022 WL 459500, C.A.5 No. 20-40050
    (5th Cir. 2022)............................................................................................................................................ 6

*Burke v. Regalado*, 935 F.3d 960, 1001 (10th Cir. 2019) ................................................................................ 6

*Deshaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989) .......................................... 5

*Estelle v. Gamble*, 429 U.S. 97, 103 (1976) ..................................................................................................... 5

*Meekins v. City of Oberlin*, 2019-Ohio-2825 (8th Dist. Ohio Ct. of Appeals 2019) ...................................... 7

*Milas v. City of Philadelphia*, 2005 U.S. Dist. LEXIS 30591; 2005 WL 3263039; E.D. Pa. Civ. No. 04-
    5258 (E.D. Pa. Dec. 1, 2005)................................................................................................................... 4

*Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 694-695 (1978) ........................................ 3

*Morgan v. Bd. of Cnty. Comm'rs*, 2010 U.S.Dist. LEXIS 154947 at \*39-40, 2010 WL 11508854,
    W.D.Okla. No. Civ-08-1317 (W.D.Okla. Mar. 11, 2010) ...................................................................... 6

*Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) ................................................................. 3

*Natale v. Camden County Correctional Facility*, 318 F.3d 575 at 584 (3d Cir. 2003) .................................. 4

*Paugh v. Uintah Cty.*, 2020 U.S. Dist. LEXIS 145141 at \*130, 2020 WL 4597062, D. Utah No. 2:17-cv-
    01249 (D. Utah August 11, 2020) ............................................................................................................ 7

*Pembaur v. City of Cincinnati* ........................................................................................................................... 4

*Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033, 1050-1051 (10th Cir. 2022)............................................... 6

*Remick v. City of Philadelphia, et al.*, E.D. Pa. Civ. No. 2:20-cv-01959 ................................................... 5, 7

*Shorter v. United States*, 12 F.4th 366, 373 (3d Cir. 2021) ......................................................................... 5, 7

*Youngberg v. Romeo*, 457 U.S. 307, 317 (1982).............................................................................................. 5

Plaintiff submits this supplemental brief on the legal standard necessary to forward his

municipal liability claim stemming from the City's custom of inadequately staffing its jails.

## I.   Municipal Liability Standard

At the pleading stage, a plaintiff must allege facts that demonstrate that a constitutionally

protected right was violated and that the alleged violation resulted from a municipal policy,

practice, or custom that exhibits deliberate indifference to the rights of citizens. *Monell v. Dep't of*

*Soc. Serv. of City of New York*, 436 U.S. 658, 694-695 (1978). To ultimately prevail on a *Monell* claim, a

plaintiff bears the burden of identifying "a municipal policy or custom that caused the plaintiff's

injury." *Bd. of Cty. Comm'rs of Bryan Cty v. Brown*, 520 U.S. 397 (1997).  A policy occurs when a

decisionmaker with final authority "issues an official proclamation, policy, or edict," while a

custom occurs when practices are "so permanent and well-settled as to virtually constitute law."

*Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013). The matter before the Court deals

with the City's custom of inadequately staffing its facilities with sufficient prison guards to

ensure it could protect detainees from suffering serious harm at one another's hands. Plaintiff

has explained at length in prior briefing the City's widespread custom and the fact that it was

on notice that inadequate staffing levels were leading to increased risk of serious harm to

detainees but failed to take any steps to rectify the situation for more than two years.

## II.   Defendant's Arguments

Defendant argues that Plaintiffs Amended Complaint fails for two reasons, first because

Plaintiff "has not alleged that the understaffing was the result of a particular course of conduct

in which, for instance, the hiring body for the [PDP] chose to hire fewer prison guards than were

required" and second because "the City has no control over the personal decisions of individual

employees whether to show up for shifts, not show up for shifts, or quit their jobs as prison

guards." (*See* Def.'s Reply Brief at 1, 3; ECF No. 45.)  Neither argument is meritorious under

existing precedent and Plaintiff addresses them here in turn.

    A.  *Necessary pleadings under a custom theory of liability*

Plaintiff is not required to plead that the understaffing was the result of a particular course

of conduct chosen by the City.  While it is generally true municipal liability only attaches where

a deliberate choice to follow a course of action is made from among various alternatives, that

requirement is not absolute. The Supreme Court held in  *Pembaur v. City of Cincinnati* that when

pleading a custom, "a § 1983 plaintiff... may be able to recover from a municipality without

adducing evidence of an affirmative decision by policymakers if able to prove that the challenged

action was pursuant to a state custom or usage." 475 U.S. 469 at n. 10 (1986); *see also, Anela v.*

*Wildwood*, 790 F.2d 1063 at n. 3 (3d Cir. 1986). In fact, a custom "may also exist where the

policymaker has failed to act affirmatively at all." *Natale v. Camden County Correctional Facility*, 318

F.3d 575 at 584 (3d Cir. 2003) (quoting *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 417-418

(2003)).  Liability may be found where the defendant "turned a blind eye to an obviously

inadequate practice that was likely to result in the violation of constitutional rights." *Id.*

The clearest and most direct explanation of what is needed to properly plead a municipal

understaffing claim was stated by the late Judge Kauffman of this Court:

> Plaintiff's burden is to present evidence that there were insufficient prison guards
> to protect inmates from suffering serious harm at one another's hands and that the
> City was deliberately indifferent to this situation.

*Milas v. City of Philadelphia,*  2005 U.S. Dist. LEXIS 30591; 2005 WL 3263039; E.D. Pa. Civ. No. 04-

5258 (E.D. Pa. Dec. 1, 2005).  Here, Plaintiff has done just that. Plaintiff had identified a custom

of understaffing the prisons that began in at least 2019 and continued through Armani Faison's

death.  The understaffing resulted in cell blocks regularly being left unguarded resulting in increased risks of violence and slower responses to stop inmate violence. Furthermore, the City and its policymakers were aware of the increased risk of harm and took no steps to address the inadequate staffing until April 2021 when it began altering shift hours and implemented rolling recruitment and hiring. (*See Remick v. City of Philadelphia, et al.*, E.D. Pa. Civ. No. 2:20-cv-01959 at ECF No. 68, pp. 4-5.) All of these facts are laid out in the Amended Complaint and were admitted to by the City in the *Remick* litigation.

B.   *The reason for the City's understaffing is irrelevant*

The City seeks to escape liability by arguing that it has no control over the personal decisions of individual employees whether to show up for shifts, not show up for shifts, or quit their jobs as prison guards. However, this is irrelevant as the City has a constitutional obligation to assume responsibility for a detainee's safety and general well-being. *Youngberg v. Romeo*, 457 U.S. 307, 317 (1982).  "The affirmative duty to protect arises... from the limitation [the state] has imposed on [a detainee's] freedom to act on his own behalf." *Deshaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  The Third Circuit has made clear that:

> Under our case law and the Supreme Court's longstanding precedent in *Farmer*, **a prisoner has a clearly established constitutional right to have prison officials protect him from inmate violence** and has a damages remedy when officials violate that right.

*Shorter v. United States*, 12 F.4th 366, 373 (3d Cir. 2021) (cleaned up) (emphasis added); see also, *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) ("*Bistrian I*").  This constitutional obligation cannot simply be discarded because the City has difficulty ensuring a sufficient number of

guards show up for work.[1]  Indeed, where a municipality has an affirmative constitutional

obligation, excuses cannot justify the failure to comply with the obligation. *Ancata v. Prison Health*

*Services, Inc.*, 769 F.2d 700, 705 (11th Cir. 1985) (holding "lack of funds for facilities cannot justify

an unconstitutional lack of competent medical care and treatment for inmates").

In the many cases across the country surveyed by undersigned counsel which have found

that a custom of inadequate staffing may form the basis for a municipal liability claim, no court

has ever allowed the municipality to escape their constitutional obligation to protect detainees

for excuses such as limited funds or lack of control over employees showing up for work, *see e.g.:*

- *Burke v. Regalado*, 935 F.3d 960, 1001 (10th Cir. 2019) (affirming jury's conclusion that sheriff was responsible for "an unconstitutional policy or custom... of poor training, inadequate staffing, and lack of urgency surrounding jail medical care")

- *Morgan v. Bd. of Cnty. Comm'rs*, 2010 U.S.Dist. LEXIS 154947 at *39-40, 2010 WL 11508854, W.D.Okla. No. Civ-08-1317 (W.D.Okla. Mar. 11, 2010) ("A reasonable jury could also find from the evidence concerning conditions at the jail that the need for . . . increased staffing of the jail was so obvious and so likely to result in the violation of detainees' Fourteenth Amendment rights, resulting in injuries to or deaths of detainees, that [the sheriff] can reasonably be said to have been deliberately indifferent to such need or needs.")

- *Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033, 1050-1051 (10th Cir. 2022) (finding a reasonable jury could conclude that the defendant "maintained unofficial policies or customs of... inadequate staffing" with deliberate indifference which caused plaintiff's death)

- *Bond v. Nueces Cnty.*, 2022 U.S.App. LEXIS 27460, at *27, 2022 WL 459500, C.A.5 No. 20-40050  (5th Cir. 2022) (reversing dismissal by the District Court and finding allegations of "inadequate staffing [which] had led to insufficient monitoring of inmates" were "enough to raise a right to relief above the speculative level")

- *Meekins v. City of Oberlin*, 2019-Ohio-2825 (8th Dist. Ohio Ct. of Appeals 2019) (finding in Section 1983 case that "reasonable jurors could disagree as to whether the city was a

---

[1] This principle is underscored by the fact that when a constitutional obligation is imposed on a municipality, it cannot escape liability simply by contracting out those services. *See e.g. Argott v. Lackawanna Cnty.*, 2023 U.S. Dist. LEXIS 19399 at *46, M.D. Pa. Civ. No. 1:22-cv-00164 (M.D. Pa. Feb. 6, 2023); *Ponzini v. Monroe Cnty.*, 2015 U.S. Dist. LEXIS 115703 at *35, 2015 WL 5123720, M.D. Pa. Civ. No. 3:11-cv-00413 (M.D. Pa. Aug. 31, 2015); *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989) (citing *West v. Atkins*, 487 U.S. 42, 55 (1998)).

moving force behind the alleged violations of [plaintiff's] constitutional rights, i.e. whether but for the city's alleged policy or custom of inadequate staffing… [plaintiff's] constitutional rights would not have been violated")

- *Paugh v. Uintah Cty.*, 2020 U.S. Dist. LEXIS 145141 at *130, 2020 WL 4597062, D. Utah No. 2:17-cv-01249 (D. Utah August 11, 2020) ("a reasonable jury could find that absent [defendant's] constitutionally deficient …staffing… employees would have monitored [plaintiff]… and sought further care before his death")

The City has an affirmative obligation to protect detainees from harm. *Shorter*, 12 F.4th at 373. That the City had difficulties ensuring attendance is irrelevant to the question of whether it complied with its constitutional mandate.

Furthermore, the City's claim that the inadequate staffing levels were due to factors beyond its control is disingenuous at best considering the representations it made in the *Remick* litigation. There, the City stated that it implemented a plan in April 2021 (a month after Armani Faison's death) to overcome the inadequate staffing levels by altering shift hours and beginning rolling recruitment and hiring. (*See* E.D. Pa. Civ. No. 2:20-cv-01959 at ECF No. 68 at p. 4-5.)[2]

---

[2] At oral argument on February 13th, the Court inquired about the number of cases pending which contained allegations of a custom of inadequate staffing by the City. To date, Plaintiff has been able to identify six actions currently pending in the District Court: *Jean, as Admin. of the Estate of Faison v. City of Philadelphia, et al.*; Civ. No. 22-00433, *Simmons v. City of Philadelphia, et al.*; Civ. No. 22-01644, *Subher v. City of Philadelphia, et al.*; Civ. No. 22-00601, *Diaz, as Admin. of the Estate of Diaz v. City of Philadelphia, et al.*; Civ. No. 222-3286, *Lawhon, as Admin. of the Estate of Hinkle v. City of Philadelphia, et al.*; Civ. No. 22-cv-04322, and *Remick v. City of Philadelphia, et al.*; Civ. No. 20-1959.

---

III.     Conclusion

Wherefore, for the reasons stated herein and those included in Plaintiff's Response in

Opposition to the Motion to Dismiss, Plaintiff respectfully requests that the motion be denied.

Respectfully submitted,

/s/ John J. Coyle
John J. Coyle, Esq.
Mark V. Maguire, Esq.
MCELDREW YOUNG PURTELL MERRITT
123 S. Broad St. Suite 2250
Philadelphia, PA 19109

Allen Rogers, Esq.
THE ROGERS LAW FIRM, PLLC
111 Person St.
Fayetteville, NC 28301

Date: February 21, 2023